■ DANIEL LEVINE, Appellant, v. BEATRICE R. O'MALLEY et al., Respondents.— Order reversed, with costs to appellant against respondent, 2380 Delaware, Inc., and motion denied. Memorandum: The portion of the amended complaint that was dismissed by the order appealed from stated a recognizable cause of action — that respondent, 2380 Delaware, Inc., intentionally and unjustifiably committed acts that interfered with existing contractual rights between appellant and the codefendant. (*Hornstein* v. *Podwitz*, 254 N. Y. 443; see generally 5 Carmody-Wait 2d, New York Practice, § 29:760.) Furthermore, plaintiff has standing to seek relief by this independent action from the judgment decreeing specific performance of the contract between defendants 2380 Delaware, Inc. and Mrs. O'Malley. (CPLR 5015; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5015.13; *Bardach* v. *Mayfair-Flushing Corp.*, 49 Misc 2d 380, 383, affd. 26 A D 2d 620.) Although CPLR 5015 (subd. [a], par. 3) does not so specify the Advisory Committee's notes (3 Advisory Comm. Rep. on Practice and Procedure, p. 204 [1959]) make it clear that the fraud forming the basis for relief may be either extrinsic or intrinsic (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5015.09). All concur, Moule, J., not participating. (Appeal from order of Erie Special Term granting motion to dismiss part of complaint in action to set aside deed.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ.

■ DANIEL LEVINE, Appellant, v. BEATRICE R. O'MALLEY et al., Respondents.— Order reversed, without costs, motion denied and cancellation of notice of pendency annulled. Memorandum: The dismissed third cause of action in

the second amended complaint alleges in substance that the codefendant, Mrs. O'Malley, was incompetent at the time (April 10, 1968) that she executed a deed conveying realty to respondent, 2380 Delaware, Inc., which property, plaintiff alleges, the codefendant had previously contracted to sell to him. The ultimate relief sought in the pleading is a declaration that the deed be declared a nullity and that the codefendant be compelled to perform specifically the previously made contract between plaintiff and the codefendant for the purchase and sale of the same realty. The general rule is that a deed made by one who is mentally incompetent, although not so adjudicated, is voidable, subject to certain conditions, but the instrument is not subject to avoidance at the suit of the grantee who is sane. (27 N. Y. Jur., Incompetent Persons, §§ 52, 53; 41 Am. Jur. 2d, Incompetent Persons, § 92.) Proof, however, that a grantor was incompetent at the time of executing a deed may establish ground for cancellation of the instrument as being a cloud on title to the property (44 Am. Jur., Quieting Title, § 21; 48 N. Y. Jur., Quieting Title, § 15; Ann. 78 A. L. R. 24, 259). Plaintiff, a contract vendee was vested with equitable title to the realty (62 N. Y. Jur., Vendor and Purchaser, § 93), and has standing to seek such relief although he has neither actual nor constructive possession of the realty (48 N. Y. Jur., Quieting Title, § 8). All concur, Moule, J. not participating. (Appeal from order of Erie Special Term granting motion to dismiss third cause of action.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ.